# Supreme Court, Appellate Division, First Department.

November, 1903.

## THE PEOPLE v. THOMAS SHARKEY.

(87 App. Div. 532.)

MANSLAUGHTER.

> Where a blow was inflicted in heat of passion and death ensued through the person struck falling back into an areaway and striking his head, it constitutes the crime of manslaughter, although there was no intent to kill and death would not ordinarily result from such a blow.

APPEAL by the defendant, Thomas J. Sharkey, from a judgment of the Supreme Court in favor of the plaintiff, entered on the 24th day of December, 1902, upon the verdict of a jury, rendered after a trial at a Criminal Branch of the New York Trial Term, convicting the defendant of the crime of manslaughter in the second degree.

Henry W. Unger, for the appellant.

Robert C. Taylor, for the respondent.

LAUGHLIN, J.:

The defendant was indicted for manslaughter in the first degree for causing the death of Nicholas Fish by a blow with his fist. The scene of the assault was Erhardt's Cafe, which is on the northerly side of Thirty-fourth street, one or two doors east of Eighth avenue. The cafe consists of a ladies' restaurant to the east with an entrance from Thirty-fourth street and a barroom to the west likewise having an entrance from Thirty fourth street. In front of both entrances there is a paved areaway some feet in width two steps below the sidewalk with a step forming an approach to the sidewalk. On the afternoon of the 15th of September, 1902, the defendant entered the cafe and sat down at a table in a corner of the restaurant with three women. The defendant was not acquainted with the decedent, but the women were all friends of the defendant, and one of them, Mrs. Philips, was a particular friend. He had visited her the evening before and was arrested at her apartments between two and three o'clock the morning after the alleged assault. One of the women called defendant over and introduced decedent to him under the name of Brown. The five had one or two rounds of drinks together. At this point the first conflict in the evidence arises. It is conceded that a few minutes later the decedent passed out of the exit to the ladies' restaurant ; that the defendant passed out the barroom exit, and, turning to the left, encountered the decedent as the latter was stepping up from the areaway to the sidewalk and that the decedent fell back into the areaway, striking his head and causing laceration of the tissues of the brain and a hemorrhage of the brain, from which death ensued within a few hours. The evidence is conflicting as to what occurred between the parties immediately before they left the cafe and when they met outside. It is undisputedthat the decedent was under the influence of liquor, and the evidence indicates that

the defendant had been drinking before he entered the cafe. The defendant testified in his own behalf, and, according to his testimony, the decedent assaulted him without cause in the cafe and again as they met outside and he merely put up his arms or hands to protect himself and decedent fell from the force of a blow inflicted upon defendant or from resistance offered by defendant.

The People gave evidence tending to show and sufficient to justify the jury in finding that defendant and decedent finally "had words" in the cafe ; that they were standing up facing each other and their discussion became so loud that the bartender interfered and asked them both to "please go out" and they both apologized to the bartender, who then escorted the decedent to the exit from the ladies' restaurant ; that in the meantime two of the women departed, but Mrs. Philips remained, and he and she went into the barroom, he evidently trying to leave by the barroom exit and she trying to hold him and endeavoring to detain him ; that the defendant finally pushed her away and rushed or walked quickly out bareheaded, and upon reaching the sidewalk turned to the left toward Seventh avenue and stopped either on the sidewalk at the edge of the step or with one foot on the step descending towards the ladies' entrance and confronted the decedent, who had one foot on the step and was passing from the areaway on to the sidewalk at the ladies' exit, and making some remark, struck and delivered a swinging blow with his fist upon the left eye, which caused the decedent to fall backward, as already stated ; that the defendant then, after seeing decedent fall, ran or walked back into Comerford's saloon, at the northeasterly corner of Eighth avenue and Thirty-fourth street ; that decedent came out slowly with his hands at his sides and did not assume a belligerent attitude or make any effort to strike the defendant or say anything to him. The defendant was forty-seven years of age and the decedent fifty-six. Some of the wit-

nesses, including defendant, speak of the decedent as an old man and one witness speaks of the defendant as the larger man. The cause of the trouble between the defendant and the decedent is not clear, and is left largely to inference. Mrs. Philips and one of the other women were not sworn. The bartender testified that he had frequently seen Mrs. Philips in the cafe with the defendant, but he had never seen her there with anybody else. According to the testimony of the bartender, the defendant saw Mrs. Philips before sitting down alone ; but defendant denies this. One of the officers who arrested defendant testified that defendant told him he had an altercation with a man at Erhardt's and hit him, and said the officer would have done the same under the circumstances. If, as defendant claims, he intended, on leaving the cafe, to go over to Broadway, his nearest exit was the exit from the ladies' restaurant toward which the bartender was assisting the decedent. He could have readily passed out that exit ahead of the decedent if he desired. Instead of doing this, he hastened out through the barroom and to the point where decedent was coming out as already stated. Of course there was no intent to kill, but the blow was inflicted in the heat of passion and death ensued. That constitutes the crime for which he has been convicted. The unfortunate fatality doubtless was not anticipated, and would not ordinarily result from such a blow, but the assault was unjustifiable, and for his unlawful act the defendant must suffer the consequences.

We have carefully examined the record in the light of the claim made by appellant, that remarks and statements were made by the trial justice, during the course of the trial, calculated to prejudice his rights, and that the jury were not fully instructed upon the law. The evidence satisfies us of defendant's guilt ; and we are convinced that he has had a fair trial before an impartial court, and that no error prejudicial to his rights was committed.

It follows that the judgment should be affirmed.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGH-LIN, JJ., concurred.

Judgment affirmed.